FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSELITO PENAFLOR a/k/a JOSELITO GUILLAMUN,<br><br>                    Plaintiff,<br><br>          v.<br><br>JAMES THOMAS SLEIMAN, SLEIMAN CHEALSY, CHERYL SALANG, NOEL SALANG, YOVIE PANGILINAN, DINDO PANGILINAN, LAARNI DARVIN, and DANILO DARVIN,<br><br>                    Defendants. | NO. 4:26-CV-5017-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT is Defendant Danilo Darvin and Defendant Laarni Darvin's Motion to Dismiss (ECF No. 8).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Defendants' motion is **granted**.

ORDER OF DISMISSAL ~ 1

## BACKGROUND

Plaintiff, proceeding pro se and *in forma pauperis*, filed this action on February 3, 2026, against various defendants. ECF No. 1. Plaintiff identifies a long list of individuals that he claims have been victims of certain crimes perpetrated by the named defendants including terrorist threats, death threats, hacking, murder, attempted murder, sexual abuse, and physical violence. *Id.* at 10-25. Plaintiff claims that he has either been witness to these crimes or has heard confessions of them from the defendants themselves. Plaintiff also filed with his complaint over 300 pages of documents he asserts support his allegations. ECF Nos. 1-2, 1-3, 2. Plaintiff has also made two supplemental filings for his complaint (ECF Nos. 9, 11) alleging evidence of additional threats to Plaintiff and his family.

Defendants Danilo Darvin and Laarni Darvin move to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). ECF No. 8. Plaintiff did not file a response until the motion hearing date. ECF No. 13.

## DISCUSSION

### A. Rule 12(b)(1)

A party may challenge the Court's subject matter jurisdiction over an action pursuant to Rule 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs where the challenger asserts that "the allegations contained in a

ORDER OF DISMISSAL ~ 2

complaint are insufficient on their face to invoke federal jurisdiction." *Id.* Whereas a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

Here, Defendants raise a facial attack. ECF No. 8 at 3-4. When analyzing a Rule (12)(b)(1) motion attacking the face of a complaint, the Court accepts the material facts of the complaint as true. *See, e.g.*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over his claims. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

In this case, Plaintiff does not provide any basis for subject matter jurisdiction. ECF No. 1 at 4. Plaintiff does not provide an address for any of the listed defendants that would permit the Court to assess whether diversity jurisdiction exists under 28 U.S.C. § 1332, nor does Plaintiff identify any claims constituting a federal question that establish jurisdiction under 28 U.S.C. § 1331. Moreover, while Plaintiff did file a response, it was untimely under LCivR 7(c)(2) and does not address Defendants' legal arguments. Rather, Plaintiff asserts that additional evidence has been submitted to the Department of Justice and that witnesses are ready to speak up. ECF No. 13. This is insufficient. The Court therefore concludes that it lacks subject matter jurisdiction over Plaintiff's case.

ORDER OF DISMISSAL ~ 3

**B. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only "a short and plain statement of relief showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a complaint under Rule 12(b)(6), courts must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While "detailed factual allegations" are not required, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where the plaintiff is pro se, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Here, the Court cannot decipher from Plaintiff's complaint and supplemental documents any cognizable or viable claims against Defendants or any of the other

ORDER OF DISMISSAL ~ 4

named defendants.  Plaintiff generally asserts that threats have been made to others with little factual context.  Plaintiff specifically alleges that Defendants are terrorists that made threats against a special agent.  ECF No. 1 at 22.  This is insufficient to state a claim under Rule 8(a)(2).  The Court cannot conceive of any claims even when interpreting Plaintiff's complaint as liberally as possible.

Therefore, Plaintiff's complaint is dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Because it is clear that any deficiencies cannot be cured with amendment, this action is dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants Danilo Darvin and Laarni Darvin's Motion to Dismiss (ECF No. 8) is **GRANTED**.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED with prejudice**.

2. Plaintiff's Motion to Serve Defendants (ECF No. 12) is **DENIED**.

The District Court Executive is directed to enter this Order, furnish copies to the parties, and **close** the file.

DATED May 19, 2026.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 5